5. CARRIERS, § 182*—*when copy of classification of rates filed with Interstate Commerce Commission admissible.* In an action against an express company to recover the value of a lost shipment of jewelry where the defense relied on a condition in the receipt limiting the value of the shipment to fifty dollars unless a greater value is stated therein, *held* that the court erred in refusing to admit in evidence a copy of the classification and tables of graduated charges applying on all business carried by the lines of the company where it was certified by the secretary of the Interstate Commerce Commission.

6. CARRIERS, § 33a*—*when schedule of rates presumed in force.* A schedule of rates of an express company approved by the secretary of the Interstate Commerce Commission several months before the date of a shipment is presumed to have been in force on the date of such shipment.

7 CARRIERS, § 33a*—*admissibility of schedule of rates without basing book.* A schedule of the rates of an express company approved by the secretary of the Interstate Commerce Commission, though not sufficient proof of the differentiated rates without the "basing book," is competent nevertheless as a part of the proof.

---

### Nellie Loeb, Defendant in Error, v. Blanche Yovin, Plaintiff in Error.

#### Gen. No. 19,076.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed May 25, 1914.

#### Statement of the Case.

Action by Nellie Loeb against Blanche Yovin in the Municipal Court, claiming "moneys paid by the plaintiff to the defendant on account of goods, wares and merchandise which said defendant agreed and promised to deliver to the plaintiff, but which the said defendant has failed to deliver, whereby said plaintiff is entitled to the return of the money so paid." On the same day the suit was begun, an attachment in aid

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

was sued out on the ground of nonresidence of the defendant and the Adams Express Company was garnished.

Defendant filed an affidavit of defense stating that she had not received from plaintiff any money on account of goods she had failed to deliver but that she had sold certain goods to plaintiff on which plaintiff paid three hundred dollars on account and promised to pay the balance, seven hundred dollars, on delivery of said goods to plaintiff to Chicago; that she had shipped said goods to Chicago by express C. O. D. and that plaintiff failed to pay for said goods and in place thereof attached said goods in the hands of the express company.

The defendant also filed an affidavit of set-off, the substance of it, being the following bill:

"Oct. 15 Black cloth suit and skirt.........$ 90.00
Black and white net waist......... 40.00
Blue satin charmeuse gown....... 160.00
Silk Persian evening coat, lined velvet ..................:........... 175.00
White satin charmeuse evening gown ...................... 160.00
Black char. satin embr. Blk. and gold wrap ................. 175.00
Black and white check velvet frock with antique collar........... 140.00
Remaking old wisteria gown, new lining, chiffon and lace....... 50.00

$990.00
Oct. 10 Deposit by check................ 300.00

Balance ................ $690.00"

The cause was submitted to a jury, which found in favor of plaintiff, both as to the attachment and as to the merits of the action, and assessed plaintiff's damages at two hundred and fifty dollars. Judgment was entered on the verdict October 26, 1912, and final judgment also entered against the garnishee. To reverse the judgment, defendant prosecutes a writ of error.

November 21, 1911, a writ of replevin for the "wisteria gown" had been sued out of the Municipal Court by the plaintiff against the defendant and the express company and the gown was taken from the express company. The express company defaulted in the replevin suit but the defendant asserted a right to the gown by virtue of a lien she had thereon for the sum of $50 for work done and materials furnished thereon. The cause was tried by the court without a jury and the finding and judgment was for the plaintiff. For disposition of writ of error to review the judgment, see *Loeb v. Yovin,* p. 219, *post.*

CHARLES DANIELS, for plaintiff in error.

GOLDZIER, RODGERS & FROEHLICH, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

ASSUMPSIT, ACTION OF, § 89*—*when recovery of money paid for goods alleged not to have been delivered not sustained by the evidence.* In an action for money paid on account for dress goods which defendant failed to deliver to plaintiff, a judgment for plaintiff, *held* not sustained by the evidence, it appearing that the goods had been sent to plaintiff C. O. D. according to the agreement and that plaintiff had refused to pay for same except by check, which the express company refused to receive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.